# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarah Aislinn Flynn Thomas,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>State Farm Insurance Company,<br><br>　　　　　　　　　　Defendant. | Case No. 18-cv-00728-BAS-BGS<br><br>**SUPPLEMENTAL ORDER RE: MOTION FOR SUMMARY JUDGMENT** |

The Court issued an initial Order denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment on December 10, 2019, and requesting that the parties file a joint report advising the status of the claims. (ECF No. 35.) The parties informed the Court that Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing remained unresolved.[1] (ECF No. 36.)

After reviewing the issues, the Court finds that summary judgment in favor of Defendant is appropriate on this claim. The Ninth Circuit has held that "[a]n insurer is entitled to summary judgment on a claim that it breached the covenant of good faith and fair dealing where its interpretation of the policy at issue, though incorrect, was reasonable." *Aurafin-OroAmerica, LLC v. Fed. Ins. Co.*, 188 F. App'x 565, 567 (9th Cir. 2006). A district court "can conclude as a matter of law that an insurer's denial of a claim

---

[1] The Court's initial Order granted Plaintiff's Summary Judgment Motion and denied Defendant's Summary Judgment Motion solely as to the breach of contract claim.

is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999) (quoting *Lunsford v. Am. Guar. & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994)). The Ninth Circuit has repeatedly held that a genuine issue exists where there is "a question concerning an insurer's liability under California law." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 999 (9th Cir. 2001) (Fletcher, J., dissenting in part) (citing cases).

The genuine dispute in this case did not concern the existence of coverage liability afforded under the life insurance policies or the amount or extent of the claimed loss. *See, e.g., Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1072 (2007), as modified on denial of reh'g (Apr. 20, 2007). Rather, at the core of this case was a legal question about statutory applicability; namely, whether two provisions of the California Insurance Code applied to the policies at issue, and thus whether liability attached to Defendant under those statutes. Therefore, because this case presented a genuine issue as to Defendant's liability under law, Defendant's denial of benefits, though incorrect, was reasonable. This is supported by the fact that at the time of Defendant's denial of benefits, no state court had definitively addressed the issues of retroactivity or renewal as to these two provisions.[2] Thus, the Court finds that as a matter of law, summary judgment is appropriate as to Plaintiff's claim of breach of good faith and fair dealing. *See Safeco Ins. Co. of America v. Guyton*, 692 F.2d 551, 557 (9th Cir. 1982) (bad faith claims are untenable where "there exist[s] a genuine issue as to [an insurer's] liability under California law"); *see also Opsal v. United Services Auto. Ass'n*, 2 Cal. App. 4th 1197, 1205 (Ct. App. 1991) (citing *Safeco*).

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment as to the good faith and fair dealing claim. If Plaintiff wishes to object to this Order, Plaintiff may submit a brief exceeding no more than five pages by **January 15, 2020**. If the Court

---

[2] Defendant did not pay out the policies in 2017 on the basis that the policies had lapsed and ultimately terminated for nonpayment of premiums. The California Court of Appeal's decision in *Hugh v. Protective Life Insurance*, finding that the statutes in question have no retroactive application, was not issued until October 2019. 40 Cal. App. 5th 1166 (Ct. App. 2019).

does not receive a timely objection from Plaintiff, the Court will instruct the Clerk to enter judgment in this case.

**IT IS SO ORDERED.**

**DATED: January 7, 2020**

Hon. Cynthia Bashant
United States District Judge