# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Sarah Aislinn Flynn Thomas,

        Plaintiff,

v.

State Farm Insurance Company,

        Defendant.

Case No. 18-cv-00728-BAS-BGS

**ORDER:**

**(1) OVERRULING PLAINTIFF'S OBJECTION [ECF No. 39];**

**(2) DENYING DEFENDANT'S EX PARTE MOTION AS MOOT [ECF No. 40]; AND**

**(3) DIRECTING THE CLERK TO ENTER JUDGMENT**

On January 7, 2020, the Court issued a Supplemental Order tentatively granting Defendant's Motion for Summary Judgment as to the good faith and fair dealing claim but permitting Plaintiff to object. (ECF No. 38.)

Plaintiff timely objected on January 15, 2020 on the basis that, under Rule 56, she "should be allowed to discover whether State Farm decided unreasonably to not apply the statutes to the policies here." (Plf.'s Obj. at 1, ECF No. 39.) Plaintiff argues that "State Farm could have suspected that the statutes applied to the policies here but either deliberately abstained from confirming their applicability or . . . concluded that they probably did apply, but denied the claim" to avoid paying out benefits. (*Id.*)

The Court is unpersuaded. First, Plaintiff has not satisfied her burden under Rule 56(d) to justify more time for discovery on the good faith and fair dealing claim. "A party

requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). A motion pursuant to this rule "must be brought before the summary judgment hearing." *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Plaintiff did not bring a motion before the hearing date of August 26, 2019. Moreover, Plaintiff had numerous other opportunities—in her Opposition to State Farm's summary judgment motion, in the Joint Status Report, and in her Objection—to provide the necessary affidavit specifying facts necessitating further discovery, but failed to do so. As such, Plaintiff is not entitled to Rule 56(d) relief. *See id.* (holding that "[f]ailure to comply with these requirements is a proper ground for denying relief" under Rule 56(d)).

Second, the Court rejects Plaintiff's attempt to transform a question of law into a question of fact to justify further discovery. Insurers violate the implied covenant of good faith and fair dealing if they fail to perform a reasonable investigation that would have disclosed facts showing that a claim was covered. *See Jordan v. Allstate Ins.*, 148 Cal. App. 4th 1062, 1074 (2007). Plaintiff's theory does not conform to this rule. Instead of arguing that State Farm failed to reasonably investigate the existence of *facts* showing her claim was covered, she contends that State Farm failed to reasonably investigate legal conclusions or impressions that could have supported coverage of her claim. Plaintiff cites no authority to support that the covenant of good faith and fair dealing requires insurers to conduct legal assessments of the retroactive application of a statute, or that the mere possibility of an unfavorable assessment creates the type of factual dispute requiring further discovery under Rule 56. Thus, the fundamental issue in this case remains solely a question of law, which does not provide a proper basis for further discovery under Rule 56(d). *See Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1048 (9th Cir. 2015) (plaintiff did not satisfy Rule 56(d) request for further discovery where summary judgment determination "turned on a pure question of law").

- 2 -

18cv728

Plaintiff has not presented facts raising a genuine issue of State Farm's liability under California law on her implied covenant claim, nor can Plaintiff discover such facts going forward. Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 39) and **DIRECTS** the Clerk to enter judgment:

(1) **GRANTING** Plaintiff's Motion for Summary Judgment (ECF No. 25) and **DENYING IN PART** Defendant's Motion for Summary Judgment (ECF No. 24) as to the breach of contract claim;

(2) **GRANTING IN PART** Defendant's Motion for Summary Judgment (ECF No. 24) as to the good faith and fair dealing claim; and

(3) **DENYING AS MOOT** Defendant's Ex Parte Motion for leave to respond to Plaintiff's objection (ECF No. 40).

Upon entry of judgment, the Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: February 3, 2020**

Hon. Cynthia Bashant
United States District Judge